**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000024**
**24-JUL-2012**
**09:30 AM**

NO. CAAP-12-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee,
v.
STEVEN MEDEIROS and LIZEL K. MEDEIROS, Defendants-Appellants
and
JOHN DOES 1-50 JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3RC11-1-467)

ORDER GRANTING JULY 19, 2012 MOTION FOR RECONSIDERATION
OF JULY 18, 2012 DISMISSAL ORDER, AND ORDER TEMPORARILY
REMANDING THIS CASE TO THE DISTRICT COURT OF THE THIRD CIRCUIT,
WITH INSTRUCTIONS FOR THE DISTRICT COURT TO MAKE FORMAL FINDINGS
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of (1) the July 18, 2012 order dismissing

Appeal No. CAAP-12-0000024 for lack of jurisdiction,

(2) Defendants-Appellants Steven Medeiros and Lizel K. Medeiros's

(Appellants) July 19, 2012 motion for reconsideration of the July

18, 2012 dismissal order pursuant to Rule 40 of the Hawai'i Rules

of Appellate Procedure (HRAP), and (3) the record, it appears that the issue of whether the Appellants' January 12, 2012 notice of appeal is untimely as to the Honorable Harry P. Freitas's October 19, 2011 judgment for possession under HRAP Rule 4(a) hinges on whether the Appellants actually submitted their motion for reconsideration (which was file-stamped on November 1, 2011) within ten days after entry of the October 19, 2011 judgment for possession. Rule 59 of the District Court Rules of Civil Procedure (DCRCP) requires a timely motion for reconsideration in order to invoke the tolling provision under HRAP Rule 4(a)(3) for filing a notice of appeal. The date on which a court clerk actually receives a document prevails over any subsequent file-stamped date on the document. See, e.g., Doe v. Doe, 98 Hawai'i 144, 151, 44 P.3d 1085, 1092 (2002). The record on appeal indicates that the motion for reconsideration was filed on November 1, 2011, which is more than ten days after entry of the October 19, 2011 judgment for possession. However, counsel for the Appellants asserts that the district court clerk stamped the reverse side of a page in the Appellants' November 1, 2011 motion for reconsideration that indicates that the district court clerk actually received the document on October 26, 2011. The electronic record on appeal for Appeal No. CAAP-12-0000024 does not contain the alleged clerk's stamp on the reverse side of a page of the November 1, 2011 file-stamped motion for reconsideration. Given the current record, we are unable to determine whether the district court clerk actually received the Appellants' motion for reconsideration on or before Monday,

October 31, 2011, the final day for a timely DCRCP Rule 59 motion for reconsideration of the October 19, 2011 judgment for possession. Therefore,

IT IS HEREBY ORDERED that the Appellants' July 19, 2012 HRAP Rule 40 motion for reconsideration of the July 18, 2012 dismissal order is granted, and this case is temporarily remanded to the District Court of the Third Circuit, North and South Hilo Division, State of Hawaiʻi (hereinafter "the District Court"), with the following instructions:

1. Within thirty days after the entry of this order, the District Court shall receive all relevant evidence from the parties and, if necessary, the District Court shall hold an evidentiary hearing, all for the purpose of determining the factual issue of when the District Court actually received the document entitled "Defendants Steven Medeiros and Lizel K. Medeiros' Motion for Reconsideration of the October 19, 2011 Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Possession[,]" which has a file-stamped date of November 1, 2011 (hereinafter referred to as "the November 1, 2011 DCRCP Rule 59 motion for reconsideration").

2. Within sixty days after the entry of this order, the District Court shall enter written findings in Civil No. 3RC11-1-467 as to when the District Court actually received the November 1, 2011 DCRCP Rule 59 motion for reconsideration.

3. Within ten days after the District Court enters the written findings in Civil No. 3RC11-1-467, the District Court clerk shall supplement the electronic record on appeal in Appeal No. CAAP-12-0000024 with the District Court's written findings.

4. If the District Court's written findings indicate that the Appellants' November 1, 2011 DCRCP Rule 59 motion for reconsideration was not timely under DCRCP Rule 59 and HRAP Rule 4(a)(3), then Plaintiff-Appellee Federal National Mortgage Association shall promptly file a motion to dismiss Appeal No. CAAP-12-0000024 for lack of jurisdiction.

-3-

5. All briefing in appellate court case number CAAP-12-0000024 is suspended until the District Court clerk has supplemented the record on appeal in Appeal No. CAAP-12-0000024 with the District Court's written findings as to when the District Court actually received the November 1, 2011 DCRCP Rule 59 motion for reconsideration.

6. Unless otherwise ordered by this court, within forty days after the District Court clerk supplements the record on appeal in Appeal No. CAAP-12-0000024 with the District Court's written findings, the Appellants shall file their opening brief.

7. All other briefs shall be filed in accordance with HRAP Rule 28.

DATED: Honolulu, Hawai'i, July 24, 2012.

Presiding Judge

Associate Judge

Associate Judge